**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4381

JANICE SYLVIA STEELE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-98-22)

Submitted: November 16, 1999

Decided: December 27, 1999

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Janice Sylvia Steele appeals her convictions on several charges arising from two bank robberies in Gastonia, North Carolina. Steele contends that the district court should have suppressed a statement she made to a detective during the search of her home because the detective did not advise her of her rights under Miranda v. Arizona, 384 U.S. 436 (1966). Finding no reversible error, we affirm.

In reviewing the decision to deny Steele's motion to suppress a statement based on the lack of proper Miranda warnings, factual findings are reviewed for clear error and the finding that Steele was not in custody is reviewed de novo. See United States v. Sullivan, 138 F.3d 126, 131 (4th Cir. 1998).

Under Miranda, prior to a custodial interrogation, government officials must inform a suspect of certain rights. See Sullivan, 138 F.3d at 130. "Statements elicited in noncompliance with this rule may not be admitted for certain purposes in a criminal trial." Stansbury v. California, 511 U.S. 318, 322 (1994). "The procedural safeguards prescribed by Miranda apply only where there has been such a restriction on a person's freedom as to render him in custody." Sullivan, 138 F.3d at 130 (internal quotation omitted). "In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." Stansbury, 511 U.S. at 322.

Because Steele was not formally arrested at the time she made the incriminating statement, the issue is whether a reasonable person in Steele's situation would have considered herself to be in custody. See Berkemer v. McCarty, 468 U.S. 420, 442 (1984). Here, Steele was not restrained during the search. She was not separated from her husband and she was free to move around her home. In addition, the search was brief. Given the totality of the circumstances, we conclude that a reasonable person would not have considered herself to be in cus-

tody. Thus, we find that Steele's motion to suppress the statement was properly denied.

Based on the foregoing, we affirm Steele's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED